Eastern District of Kentucky
**F I L E D**
JUN 2 7 2014
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JAMES MICHAEL HOLBROOK, <br>     Plaintiff, <br><br> V. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | CIVIL ACTION NO. 5:13-CV-134-KKC <br><br><br> <u>MEMORANDUM, OPINION, & ORDER</u> |

\*\*\* \*\*\* \*\*\*

Plaintiff James Michael Holbrook brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance ("SSDI") benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I. FACTUAL AND PROCEDURAL BACKGROUND

Holbrook filed his claim for benefits on September 20, 2010, alleging an onset date of September 24, 2007. (AR 23) His claim was initially denied on December 29, 2010, and again on February 15, 2011. (AR 23). Holbrook then filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (AR 23). After the hearing, on January 23, 2012, the ALJ issued an unfavorable decision. (AR 23).

At the time of the alleged onset of disability, Holbrook was thirty-one years old. (AR 57). He has a high school education, and previously worked as a carpenter and trucker. (AR 45–46). Holbrook describes having pain, predominantly in his neck, with numbness on

one hand and in his toes; he also describes pain in his lower back and right knee. (AR 46–50). Holbrook further testified that he does not sleep well and feels depressed. (AR 50).

In determining whether a claimant has a compensable disability under the Social Security Act (the "Act"), the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)–(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F. 3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing him past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of the process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider the claimant's residual functional capacity, age,

2

education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

In this case, the ALJ began his analysis at step one by determining that the claimant has not engaged in gainful activity since September 24, 2007. (AR 25). At step two, the ALJ determined that Holbrook suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the left acromioclavicular joint, left rotator cuff syndrome, generalized anxiety disorder, depression and pain disorder. (AR 25). In the third step, the ALJ found that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 26).

At step four, the ALJ found that based on the medically determinable evidence and the entire record, Holbrook has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b). "He can push/pull with the upper extremities up to the weight limits of light work. He must avoid climbing ladders, ropes or scaffolds. He can occasionally climb ramps/stairs and crawl." He can occasionally reach overhead with the left upper extremity and must avoid concentrated exposure to excessive vibration and hazards. He can understand simple instructions and can sustain attention for simple tasks for extended periods of two-hour segments in an eight-hour day with only occasional concentration problems. He can tolerate supervisors in an object-focused setting and can adapt to changes as needed. (AR 27). The ALJ further found that Holbrook is unable to perform any past relevant work. (DE 32).

At step five, the ALJ concluded that other jobs exist in significant numbers in the national economy that the claimant can perform, including routing clerk, machine tender, hand packer, and inspector. (AR 33–34).

The Appeals Commission subsequently denied Holbrook's request for review on April 25, 2013. Holbrook has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cullip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her*, 203 F.3d at 389–90. However, the Court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III. ANALYSIS

On appeal, Holbrook argues that the ALJ's decision is not supported by substantial evidence and was not decided correctly for four reasons. (DE 10-1).

i.

Holbrook first argues that the ALJ "failed to find or even discuss Mr. Holbrook's diagnosis of sleep apnea." (DE 10-1, p. 7). As the United States correctly noted, the evidence was not before the ALJ at the hearing. (AR 44). Holbrook's counsel did not object when the ALJ referenced the exhibits in evidence, which did not include the sleep apnea documentation. (AR 44). Moreover, Holbrook did not testify at the hearing about his sleep apnea, and his attorney did not question him about it. Holbrook cites 20 C.F.R. § 404.1520 in support of his argument. This section of the Regulations indicates that the ALJ will consider all evidence in the claimant's "case record." 20 C.F.R. § 404.1520. Exhibit 35, which provides the evidence concerning sleep apnea, was not in Holbrook's case record at the time of the hearing; nor was it available to the ALJ at the time he issued his opinion, and thus, it was not part of the "case record" that he could consider. The burden of proving disability rests with Holbrook. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 20001). Furthermore, Holbrook has not indicated how such evidence would alter the ALJ's findings. A diagnosis of sleep apnea does little to indicate how Holbrook would be further impaired for purposes of social security disability. Therefore, the ALJ's decision is supported by substantial evidence.

ii.

Next, Holbrook maintains that the ALJ erred in giving greater weight to the opinion of Dr. Brake, a non-examining psychological reviewer, than to Dr. Genthner and Dr. Ford, examining, consulting physicians. (DE 10-1, p. 8). When weighing a medical opinion, a

5

variety of factors are considered, including: the examining relationship, the treatment relationship, the length of the relationship, how consistent the opinion is with the evidence and record as a whole, the specialty of a doctor, and other factors. 20 C.F.R. § 404.1527(c). Holbrook is correct that generally, an examining physician's opinion receives greater weight than the opinion of a non-examining physician. 20 C.F.R. §404.1527(c)(1). However,

> *it is not a per se error of law . . . for the ALJ to credit a nonexamining source over a nontreating source.* Any record, opinion, even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record. Moreover, an ALJ need only explain its reasons for rejecting a treating source because such an opinion carries "controlling weight" under the SSA. Accordingly, a claimant is entitled under the SSA only to reasons explaining the weight assigned to his treating sources, independent of the success of his disability benefits claim.

*Norris v. Comm'r of Soc. Sec.*, 461 Fed. Appx. 433, 439 (6th Cir. 2012) (emphasis added).

Here, the ALJ gave Dr. Genthner's opinion little weight because it was inconsistent with the evidence and was unsupported by Holbrook's longitudinal treatment history, as well as his lack of psychological treatment generally. (AR 31). The ALJ chose to give Dr. Ford's opinion little weight because it was not supported by the record of evidence and because Holbrook's counsel referred him to Dr. Ford. (AR 31). Moreover, the ALJ explained that both state agency psychological reviewers, Jay Athy, Ph.D. and Jane Brake, Ph.D., based their opinions on specific medical evidence and provided explanations for their opinions. (AR 31). Thus, the ALJ did not err in choosing to give greater wait to the opinions of non-examining physicians, and his decision is supported by substantial evidence.

6

iii.

Holbrook next contends that the ALJ improperly relied on the opinions of Drs. Brake and Athy because he insists these doctors did not give explanations for their opinions and did not have all the evidence before them when rendering their opinions. (DE 10-1, p. 9). This argument is also without merit. As explained above and consistent with the factors described in 20 C.F.R. § 404.1527(c), the ALJ properly explained why he relied on the opinions of Drs. Brake and Athy. A review of the record confirms that both Dr. Brake and Dr. Athy provide explanations for their opinions. (AR 70, 89). Holbrook also complains that the psychological reviewers did not have certain evidence before them when they rendered their opinions. However, he fails to explain why the doctors' review of an MRI of the Lumbar Spine and medical records where he had received injections in his spine would alter their opinions concerning his alleged mental disabilities or would suggest a further mental impairment. The ALJ rightly explained why he gave great weight to Drs. Athy and Brake based on a number of credible factors, and thus, his decision is supported by substantial evidence.

iv.

Finally, Holbrook maintains that the ALJ erred in giving little weight to Dr. Gutti's opinion because Dr. Gutti is a neurologist and is a specialist whose opinion should be afforded greater weight. Generally, a specialist's opinion is afforded more weight than a non-specialist's opinion, but that is merely one factor the ALJ can consider. 20 C.F.R. § 404.1527(c)(5). As noted above, "Any record opinion, even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record." *Norris*, 461 Fed. Appx. at 439. As the ALJ explained, Dr. Gutti was a non-treating physician who examined Holbrook once at the

recommendation of Holbrook's attorney in preparation to file his disability claim. (AR 30). The ALJ determined that some of Dr. Guitt's recommendations were inconsistent with the record and medical evidence as a whole. Moreover, the ALJ accepted and adopted some of the limitations Dr. Gutti recommended. (AR 30). Holbrook also contends that Dr. Hernandez, a reviewing physician whose opinion the ALJ relied heavily upon, is "not as qualified as Dr. Gutti." There are a variety of factors, however, the ALJ may consider under 20 C.F.R. § 404.1527(c), and the ALJ properly considered them when he determined the majority of Dr. Hernandez's opinion was consistent with the record. Therefore, the ALJ's decision was supported by substantial evidence.

## IV. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** as follows

(1) Plaintiff's motion for summary judgment (DE 10) is **DENIED**;

(2) Defendant's motion for summary judgment (DE 13) is **GRANTED**;

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) A judgment consistent with this Opinion and Order will be entered contemporaneously.

This 27th day of June, 2014.



Signed By:
*Karen K. Caldwell*
United States District Judge